Contreras v Parkash (2025 NY Slip Op 05877)

Contreras v Parkash

2025 NY Slip Op 05877

Decided on October 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 23, 2025

Before: Renwick, P.J., Kennedy, Mendez, O'Neill Levy, Chan, JJ. 

Index No. 811899/22|Appeal No. 5039|Case No. 2024-04701|

[*1]Andry Jose Reyes Contreras, Plaintiff-Appellant,
v
Ved Parkash, Defendant-Respondent.

Shlivko Young LLP, New York (Jesse Young of counsel), for appellant.
Chartwell Law, New York (David Gorelick of counsel), for respondent.

Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered on or about July 17, 2024, which granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied, and the complaint reinstated.
"Constructive notice is generally found when the dangerous condition is visible and apparent, and exists for a sufficient period to afford a defendant an opportunity to discover and remedy the condition that caused plaintiff's injury" (Gomez v Samaritan Daytop Vil., Inc., 216 AD3d 456, 457 [1st Dept 2023] [internal quotation marks omitted]). In a slip and fall case, the defendant's prima facie burden in moving for summary judgment must include "details regarding the last cleaning and inspection of the area" before the accident (Chalas v Grass Roots Kitchen, LLC, 223 AD3d 459, 459 [1st Dept 2024]).
Defendant did not meet this initial burden. The superintendent testified only about a general cleaning schedule, and while he stated that it was the porter's responsibility to clean the staircase on the day of plaintiff's accident, he did not know when the porter cleaned the staircase that day, nor did he specify what time he inspected the staircase after the porter was done cleaning it (see Moore v 1772 Weeks Ave. Hous. Dev. Fund Corp., 123 AD3d 456, 456 [1st Dept 2014]).
Defendant's reliance on plaintiff's deposition testimony is not enough to establish his entitlement to summary judgment. Even if plaintiff did not see the liquid immediately before he fell, defendant was not relieved of the initial burden to show that the dangerous condition was not apparent for a sufficient time to rectify it (see Henriquez v Appula Mgt. Corp., 234 AD3d 592, 593 [1st Dept 2025]). Because defendant did not first establish his entitlement to judgment as a matter of law, the burden never shifted to plaintiff (see Hill v Manhattan N. Mgt., 164 AD3d 1187, 1187 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 23, 2025